IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

GEORGE EVANS                                                                PLAINTIFF

VERSUS                                                                   NO. 4:18CV147-JMV

COMMISSIONER OF SOCIAL SECURITY                                          DEFENDANT

**MEMORANDUM OPINION**

This cause is before the Court on Plaintiff's Complaint [1] for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration (agency) denying a claim for supplemental security income (SSI). The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

**Background and Procedural History**

Plaintiff protectively applied for SSI under Title XVI of the Social Security Act (Act) on February 10, 2016. The agency denied Plaintiff's application initially and upon reconsideration. Pursuant to Plaintiff's request, the administrative law judge (ALJ) held a hearing on July 17, 2017. The ALJ issued a decision denying Plaintiff's application for SSI benefits on September 20, 2017.

In her September 20, 2017 decision, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his application date of February 10, 2016. The ALJ found

Plaintiff's only severe impairment was his bipolar disorder. Next, the ALJ determined that Mr. Evans did not have an impairment, or a combination of impairments, that met or equaled an impairment found in the Appendix 1 Listing of Impairments. The ALJ found that Plaintiff had the residual functional capacity (RFC) to perform work at all exertional levels. The ALJ further found that Plaintiff could perform simple tasks that involve working with data and things, rather than with people; working in low stress environments that involve occasional decision-making; and dealing with occasional changes in the work setting. The ALJ determined that Plaintiff's allegations regarding his functional limitations were not fully supported. Plaintiff had no relevant past work. Based upon the testimony of a vocational expert, the ALJ found that other work was available in significant numbers in the national economy for someone of Plaintiff's vocational profile. Thus, the ALJ concluded that Plaintiff was not disabled.

On May 25, 2018, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, thereby making the ALJ's decision the final decision of the Commissioner and the case reviewable pursuant to Section 205(g) of the Act, 42 U.S.C. § 405(g). Plaintiff filed his Complaint [1] for review of the ALJ's decision in this Court on July 13, 2018.

The Court held oral argument on Mr. Evans's disability appeal on July 16, 2019. Plaintiff had raised two issues in his brief:

1. The ALJ incorrectly assessed plaintiff's mental limitations and, as a result, failed to arrive at an adequate RFC;

2. The Appeals Council failed to consider evidence from Licensed Counselor Sherri Kent.

However, during the hearing the undersigned raised concern that the waxing / waning nature of Mr. Evans' symptomology was not reflected in the RFC finding of the ALJ. Specifically, the undersigned framed the issue in terms of the ALJ's failure to consider the claimant's lability as it related to his ability to work on a continuous basis. The Court allowed, upon the Commissioner's request, additional briefing on the issue. The Court did not require, and Plaintiff did not submit, supplemental briefing. Nevertheless, Plaintiff sufficiently adopted the issue raised by the Court during the July 16 hearing.

## **Standard of Review**

Judicial review under 42 U.S.C. § 405(g) is limited to two inquiries: (1) whether substantial evidence in the record supports the Commissioner's decision and (2) whether the decision comports with proper legal standards. *See Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala,* 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). "It is more than a mere scintilla, and less than a preponderance." *Spellman v. Shalala,* 1 F.3d 357, 360 (5th Cir. 1993) (citing *Moore v. Sullivan,* 919 F.2d 901, 904 (5th Cir. 1990)). "A decision is supported by substantial evidence if 'credible evidentiary choices or medical findings support the decision.'" *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (citations omitted).

## **Law and Analysis**

In his supplemental brief [18], the Commissioner states:

a line of Fifth Circuit cases addressing waxing and waning of symptomology holds that an ALJ errs when he or she fails to determine whether a claimant is capable of not only obtaining, but also maintaining employment on a sustained basis. *Watson v. Barnhart*, 288 F.3d 212, 218 (5th Cir. 2002).

The Commissioner then argues:

> In our case, the ALJ acknowledged the waxing / waning nature of Mr. Evans' bipolar disorder. Specifically, the ALJ stated, "Late 2016 and early 2017 exams from Region 6 show that the claimant had symptoms that waxed and waned with treatment." Docket 8, pg. 47. She also found that that an individual's RFC is his ability to do physical and mental work activities *on a sustained basis* despite limitations from his impairment. *Id*. at p. 41. (emphasis added). As such, the record is clear that the ALJ considered Mr. Evans' emotional lability and determined that he could work on a sustained basis despite his limitations. Furthermore, plaintiffs in the *Watson* line of cases raised the issue of waxing / waning in their briefing, and the Fifth Circuit did not evaluate *Watson* under a plain error standard.

In view of the Commissioner's own acknowledgement of the waxing and waning nature of the claimant's mental impairment and having now duly considered cases in the Fifth Circuit addressing severe mental impairments that wax and wane in disabling symptomology, the undersigned finds the pertinent—and precise—issue[1] in this case is whether the ALJ committed plain error by failing to make a separate finding that Mr. Evans could not only obtain but maintain employment. I conclude she did.

*Cline v. Astrue*, 577 F.Supp.2d 835 (N.D. Tex. 2008), is instructive. The court's findings and conclusions in that case were as follows:

---

[1] At the hearing the undersigned framed the issue in terms of the ALJ's failure to consider, as relates to the RFC, the claimant's lability as it related to his ability to work on a continuous basis. While this characterization of the issue does not address the separate finding required by *Singletary v. Bowen,* 798 F.2d 818 (5th Cir. 1986), discussed below, the undersigned finds the issue was sufficiently stated at the hearing to put the Commissioner on notice of the issue addressed in this decision. This, of course, is evidenced by the Commissioner's discussion of the *Singletary* (or *Watson*) line of cases in his supplemental brief.

–4–

> By its very nature, Plaintiff's bipolar disorder fluctuates between manic and depressive states with periods of apparent stability. *See* American Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* at 386 (Text Revision 4th ed.2000) (recognizing that persons with a bipolar disorder experience mood shifts from high to low and back again in varying degrees of severity). Under these circumstances, the ALJ was required by *Singletary* [*v. Bowen,* 798 F.2d 818 (5th Cir. 1986)] to specifically determine whether Plaintiff can hold whatever job he finds for a significant period of time. Because Plaintiff's mental "ailment waxe[d] and wane[d] in its manifestation of disabling symptoms", the ALJ's RFC determination itself does not encompass the necessary finding. *See Perez* [*v. Barnhart*]*,* 415 F.3d . . . [457, 465 (5th Cir. 2005]. In such cases, the ALJ's finding that the claimant retains the RFC to perform a job done in the past "is not the type of finding contemplated in *Singletary*." *Moore v. Sullivan,* 895 F.2d 1065, 1069 (5th Cir. 1990). By failing to make the specific determination required by *Singletary* the ALJ committed legal error. *Id.* at 1069–70; *Leidler v. Sullivan,* 885 F.2d 291, 294 (5th Cir. 1989).
>
> Generally, appeals from administrative agencies of a procedural error will not lead to a vacated judgment "unless the substantial rights of a party have been affected." *Anderson v. Sullivan,* 887 F.2d 630, 634 (5th Cir.1989) (per curiam) (quoting *Mays v. Bowen,* 837 F.2d 1362, 1364 (5th Cir. 1988) (per curiam)). However, a failure to apply the *Singletary* standard is a legal error, not a procedural error. The Fifth Circuit has left the lower courts no discretion to determine whether such an error was harmless. Rather, the court mandated that when the Commissioner "has relied on erroneous legal standards in assessing the evidence, he must reconsider that denial." *Moore,* 895 F.2d at 1070 (quoting *Leidler,* 885 F.2d at 294).
>
> In light of the ALJ's legal error, this case should be remanded with directions to the ALJ to apply the correct legal standard as set forth in *Singletary*.

*Cline*, 577 F.Supp.2d at 850 (footnote omitted).

In this case, not only did the claimant suffer from a severe mental impairment that by its very nature waxed and waned in disabling symptoms, the ALJ essentially acknowledged this fact in her decision yet failed to make the separate finding required by *Singletary*.[2] This

---

[2] To the extent the Commissioner suggests the ALJ's reference in the introductory portion of her decision to the regulatory definition of RFC satisfies the *Singletary* requirement, this argument is without merit under the facts

–5–

was plain error; and, consistent with the standard cited in the Commissioner's supplemental brief,[3] the Court will, in order to prevent a miscarriage of justice, reverse and remand this case with instructions to the ALJ to apply the standard set forth in *Singletary*.

Signed, this the 26th day of August, 2019.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE

---

of this case; nor is any legal authority offered to support it. *See Cline*, 577 F.Supp.2d at 849 ("Typically, the ALJ is not required to make a specific finding that a claimant can maintain employment, unless there is 'evidence that [the] claimant's ability to maintain employment would be compromised despite his ability to perform employment as an initial matter, or an indication that the ALJ did not appreciate that an ability to perform work on a regular and continuing basis is inherent in the definition of RFC.'") (citation omitted). As pointed out in note three, there is evidence the claimant's ability to maintain employment would be compromised despite any ability to work.

[3] The Court adopts the Commissioner's statement that "plain error occurs when (1) there was an error, (2) that was clear and obvious, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity or public reputation of judicial proceedings, or is necessary to prevent a miscarriage of justice. *McGarity v. Apfel*, 172. F.3d 870 (5th Cir. 1999); *Thorton v. Schweiker*, 663 F.2d 1312, 1315 (5th Cir. 1981)." In this case, the Commissioner can hardly deny there is plain error where an ALJ acknowledges the waxing and waning nature (with treatment) of the claimant's mental impairment and ignores the import of medical evidence that indicates he may have an issue with holding a job despite any finding he could obtain a job. The ALJ acknowledged both that the claimant's bipolar disorder caused problems interacting with others when he was "symptomatic" and that his condition continued to "require trials of medication and manipulation of dosages to determine the best course of treatment for his condition." Nevertheless, she rested her RFC determination on the fact that the claimant had testified at the hearing that he was better on his current medication (one week after his release from a state mental institution). The record is replete with medical evidence that indicates the claimant's ability to maintain employment might be compromised despite any ability to obtain a job: multiple back-to-back instances of inpatient treatment with findings of homicidal and suicidal ideation, irritability, problems with anger, and labile mood; repeated notations of antisocial behavior, including, but not limited to, threats of violence and frequent harassing phone calls made to treatment providers and others; findings of manifestations of manic mood and recurring complaints of anger less than three months following the ALJ's hearing decision; and no relevant past work history. *See Cline, supra*, at 849. *Cf. Frank v. Barnhart*, 326 F. 3d 618, 619 (5th Cir. 2003) (pointing out that "the claimant's intermittently recurring symptoms must be of sufficient frequency or severity to prevent the claimant from holding a job for a significant period of time").