IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

GEORGE EVANS                                                                                    PLAINTIFF

VERSUS                                                                                NO. 4:18CV147-JMV

COMMISSIONER OF SOCIAL SECURITY                                                DEFENDANT

## ORDER ON PETITION FOR ATTORNEY FEES

Before the Court is Plaintiff's petition [21] for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). In these proceedings Plaintiff sought judicial review of the Social Security Commissioner's final decision denying a claim for benefits. By Final Judgment [20] dated August 26, 2019, this Court remanded this case to the Commissioner for further proceedings. Plaintiff now seeks an award of fees in the amount of $8,714.35 to be paid to his attorney "calculated at the rate of $207.33 . . . per hour for 36.2 hours of attorney work and $65.00 per hour for 18.6 hours of paralegal work." Plaintiff makes this request on the grounds that he was the prevailing party, and the Commissioner's position was not "substantially justified."

The Commissioner, on the other hand, first opposes any award of fees on the basis that his litigation position was substantially justified. Alternatively, the Commissioner argues in favor of a reduction of fees because Plaintiff's counsel's requested hourly rate is too high and the total number of hours billed are excessive. The Court will address the Commissioner's objections seriatim.

     **A.**     **Whether the Commissioner's Litigation Position Was Substantially Justified**

The Equal Access to Justice Act provides for the award of court costs and attorney's fees to the "prevailing party" in a judicial review of agency action, unless the position of the United States was "substantially justified" or "special circumstances" would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A party who wins a remand order in a social security disability case is a "prevailing party" under the EAJA. *Rice v. Astrue,* 609 F.3d 831, 833–34 (5th Cir. 2010); *Baker v. Bowen,* 839 F.2d 1075, 1081 (5th Cir. 1988). Here, of course, there is no dispute that Plaintiff was the prevailing party. And, the Commissioner raises no special circumstances that would make an award of fees unjust. The Commissioner argues, however, that EAJA fees should not be awarded in this case because his litigation position was substantially justified as a "genuine dispute existed with regard to the only issue that resulted in remand of this case—whether the ALJ's residual functional capacity (RFC) finding accounted for Plaintiff's emotional lability as it related to his ability to work on a continuing basis . . . ."

It's helpful to consider the findings made by the Court in its August 26 Final Judgment and echoed in its October 9 Order [26] denying the Commissioner's motion to alter or amend judgment. In its ruling in this case, the Court found:

> In view of the Commissioner's own acknowledgement of the waxing and waning nature of the claimant's mental impairment and having now duly considered cases in the Fifth Circuit addressing severe mental impairments that wax and wane in disabling symptomology, the undersigned finds the pertinent—and precise—issue in this case is whether the ALJ committed plain error by failing to make a separate finding that Mr. Evans could not only obtain but maintain employment. I conclude she did.

The Court further stated in a footnote:

> To the extent the Commissioner suggests the ALJ's reference in the introductory portion of her decision to the regulatory definition of RFC satisfies the *Singletary* requirement, this argument is without merit under the facts of this case; nor is any legal authority offered to support it. *See Cline*, 577 F.Supp.2d at 849 ("***Typically, the ALJ is not required to make a specific finding that a claimant can maintain***

> *employment, unless there is 'evidence that [the] claimant's ability to maintain employment would be compromised despite his ability to perform employment as an initial matter*, or an indication that the ALJ did not appreciate that an ability to perform work on a regular and continuing basis is inherent in the definition of RFC.'") (citation omitted). **As pointed out in note three, there is evidence the claimant's ability to maintain employment would be compromised despite any ability to work.**

Ultimately, the Court ruled that in order to prevent a miscarriage of justice the case would be reversed and remanded with instructions to the ALJ to apply the standard set forth in *Singletary*.

In order to be substantially justified, the Commissioner's position must have a reasonable basis in law and in fact. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Broussard v. Bowen*, 828 F.2d 310, 312 (5th Cir. 1987). The government has the burden of proving its position was substantially justified at every stage of the proceedings. *Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003) (citing *Herron v. Bowen*, 788 F.2d 1127, 1130 (5th Cir. 1986)). The "position of the United States" in the EAJA encompasses both the government's position during administrative proceedings and litigation. 28 U.S.C. § 2412(d)(2)(D). Accordingly, a court must examine both the agency decision and the government's litigation position defending the agency action in resolving the substantial justification issue. S*ee Sylejmani v. Barr*, 768 Fed. App'x 212, 218 (5th Cir. 2019)

In this case, the Commissioner has failed to show that either the agency's plain error in failing to apply the correct legal standard or the government's erroneous litigation position before this Court was substantially justified. Indeed, because the standard announced in *Singletary v. Bowen,* 798 F.2d 818 (5th Cir. 1986), has long been established in the Fifth Circuit, the ALJ's failure to apply it in view of her own finding that the claimant's condition "waxed and waned with treatment" and evidence of the claimant's cycling in and out of inpatient treatment,

among other things, was not justified. *But see Sylejmani*, 768 Fed. App'x at 218 (finding the agency decision was substantially justified because at the time of its decision the law in the Fifth Circuit on the relevant issue was "unsettled and evolving").

Nor can the Commissioner justify defending the ALJ's error on appeal. As pointed out in the Court's Memorandum Opinion [19], the government's argument that the ALJ's RFC determination sufficiently took into account the claimant's lability is unavailing in the face of the ALJ's own finding that the claimant's condition "waxed and waned"—landing him in and out of inpatient treatment—and the Fifth Circuit's clear instruction in *Singletary* (a case that also involved bipolar disorder) that a separate finding of ability to maintain employment is warranted under those exact circumstances. Interestingly, in his supplemental brief, the Commissioner acknowledged that later Fifth Circuit cases reiterated that with regard to waxing and waning of symptomology, "an ALJ errs when he or she fails to determine whether a claimant is capable of not only obtaining, but also maintaining employment on a sustained basis." Def. Br. [18] p. 4. And, the government's attempt—in its briefing of its motion to alter judgment—to divert the Court's attention to post-*Singletary* cases that stand for the proposition that the separate finding is not required in all cases only cemented the conclusion that Mr. Evans's case provided the exact facts envisioned by *Singletary*. *See* Def. Br. [25] p. 3-5. Thus, the government's position was not substantially justified, and the Commissioner's first argument is without merit.

**B.     Whether the Hourly Rate Sought by Plaintiff's Counsel is Too High**

Alternatively, the Commissioner argues that the requested fee, $8,714.35, should be reduced because the attorney hourly rate, $207.33, is too high. Plaintiff replies he has no objection to the reduced rate of $199.09 proposed by the Commissioner, should the Court deem it appropriate. In a footnote, however, Plaintiff requests that the number of billable hours be

–4–

adjusted upward by 2 hours to account for counsel's time spent litigating fees. The Court finds the rate proffered by the government is in line with cases in this district determining the adjusted statutory rate[1] and, therefore, agrees with the government. On the other hand, the Court finds it is appropriate to award fees for counsel's time expended litigating fees, and further finds that based upon a review of the record, 2 hours is reasonable. *See Powell v. C.I.R.*, 891 F.2d 1167, 1172 (5th Cir. 1990).

### C. Whether the Number of Hours Billed by Plaintiff's Counsel Are Excessive

The remaining issue is whether the total number of hours submitted by Plaintiff's counsel are reasonable. Having thoroughly reviewed counsel's time sheet, the Court finds they are not. The government points out that Plaintiff's counsel is requesting compensation for tasks that were not necessary for litigating this case before this Court, e.g., numerous calls from the claimant to his counsel's office and calls between counsel and the claimant's therapist. In Plaintiff's reply brief, counsel calls the Court's attention to his client's severe mental illness as justification for the number of client-to-counsel and client-to-paralegal phone calls billed in this case.

While the Court certainly acknowledges the severity of Mr. Evans's mental illness and does not doubt the frequency of his calls to his counsel's office, I find Plaintiff has not met his burden to show that most of the calls listed on counsel's itemization were reasonable for the reasons argued by the government. Indeed, counsel himself acknowledges that the number of calls between his office and his client were "excessive." Accordingly, the hours for attorney time, 36.2 plus 2 hours for fee litigation, will be reduced by 5.4 hours. Likewise, after a thorough review of the time record, the Court finds that approximately 14 hours of the paralegal time noted does not represent time necessarily spent to adequately represent the client.

---

[1] *See, e.g., Fowler v. Colvin*, No. 4:14cv39-JMV, 2014 WL 7187086 (N.D. Miss. Dec. 17, 2014).

However, in recognition of the circumstances and complications attendant to Mr. Evans's mental condition, the Court finds a lesser reduction of 9 hours is appropriate.

Finally, because Plaintiff presents no argument or authority to the contrary, the Court finds that the EAJA award in this case should be made payable to Plaintiff—pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010)—for the benefit of his counsel and paid in accordance with the government's customary practice in this district.

THEREFORE, IT IS ORDERED

That the Commissioner shall promptly pay Plaintiff a total of $7,154.15 for the benefit of counsel for Plaintiff.

This 6th day of December, 2019.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE